UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GREGORY WALLACE BAKER | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. _____ |
| VS. | § | |
| | § | |
| CHASE BANK USA, NA, d/b/a CHASE | § | COMPLAINT |
| | § | With Jury Demand Endorsed |
| Defendant. | § | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Gregory Wallace Baker ("Plaintiff"), by counsel, and for his Complaint against the defendant, Chase Bank USA, N.A. d/b/a Chase ("Defendant" or "Chase"), states as follows:

### I. INTRODUCTION

1.    Plaintiff asserts claims against Defendant for its willful, knowing, and/or negligent violation of: 1) Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1681 *et seq.,* (known as the Fair Credit Reporting Act, the "FCRA") which relates to the dissemination of consumer credit and other financial information; 2) the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392.001 *et. seq.*; 3) the common law tort of invasion of privacy; and 4) the chapter 7 discharge injunction of the United States Bankruptcy Court of the Eastern District of Texas, Sherman Division.   For these claims, Plaintiff seeks to

recover actual, statutory, and punitive damages, legal fees and expenses against Defendant.

## II. PARTIES

2.      Plaintiff is a natural person residing in Collin County, Texas and he is a "consumer" as defined by the FCRA.

3.      Defendant is a national bank which may be served by delivering citation to its registered agent, CT Corporation System, 1999 Bryan St. Suite 900, Dallas, TX 75201.

4.      Defendant is a "person" and a "user" of consumer credit and other financial information, as said terms are defined and contemplated respectively, under the FCRA.

5.      Defendant is a "debt collector" as defined by Tex. Fin. Code § 392.001(6).

6.      Defendant is a furnisher of consumer credit information to Trans Union, LLC ("TransUnion"), Equifax, Inc. ("Equifax"), and Experian Information Solutions, Inc. ("Experian"), the three (3) national consumer reporting agencies.

## III. JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1334 and 1337(a) and 15 U.S.C. § 1681p and 28 U.S.C. §§2201-2202.

8.      Venue in this district is proper because Defendant transacts business in this district, Plaintiff filed his bankruptcy case in this district and the conduct complained of occurred in this district.

## IV. FACTUAL ALLEGATIONS

9.      On February 29, 2012, Plaintiff filed his Chapter 7 bankruptcy case, number 12-40487

("Bankruptcy Case") in the United States Bankruptcy Court for the Eastern District of Texas, Eastern Division ("Bankruptcy Court").

10.  Prior to Plaintiff filing his Bankruptcy Case, Defendant asserted a pre-petition claim against Plaintiff in an attempt to collect a consumer debt allegedly owed by Plaintiff. The debt required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.  In Plaintiff's bankruptcy petition, the subject claim was listed in Schedule "D" as a secured claim, such claim was secured by a lien on Plaintiff's prior home located at 724 Pine Lakes Dr., Plano, TX 75025 (the "Property") and was identified as Account No. xxxxxxxxxxx7833 (the "Loan" or "Account"). Plaintiff listed the Property as "surrendered" on Schedule "D" and in the Individual Debtor's Statement of Intention filed with his bankruptcy petition and moved out of the Property immediately.

11.  A true and correct copy of Plaintiffs' Individual Debtor's Statement of Intention is attached hereto as Exhibit "A."

12.  On February 29, 2012, Plaintiff filed a mailing matrix with the Bankruptcy Court that provided Defendant's correct address.

13.  On March 2, 2012 and March 3, 2012, the Bankruptcy Noticing Center for the Bankruptcy Court for the Eastern District of Texas, mailed out the "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines" ("341 Notice") to Defendant by e-mail transmission and through the U. S First Class Mail, respectively.   These mailings

constituted formal notice to the Defendant of the above Chapter 7 Bankruptcy.  The 341 Notice warned all creditors, including Defendant, in conspicuous language against violating the automatic stay pursuant to 11 U.S.C. §362.

14.     On June 6, 2012, the Bankruptcy Court issued an order granting Plaintiff a discharge ("Discharge Order") (the said order followed Official Form B18, including the explanatory language contained therein).  The order discharged Plaintiff from any liability for Defendant's pre-petition claim.  Included with the Discharge Order was an explanation of the general injunction prohibiting Defendant and others holding pre-petition claims from attempting to collect the claims against Plaintiff.

15.     On June 7, 2012 and June 8, 2012, the Bankruptcy Noticing Center for the Bankruptcy Court mailed a copy of the Discharge Order to Defendant by e-mail transmission and by U.S. First Class Mail, respectively.  This constituted formal notice to Defendant of Plaintiff's discharge and the replacement of the automatic stay with the discharge injunction of 11 U.S.C. §524(a).  The Discharge Order and its notice warned all creditors, including Defendant, in conspicuous language that collection of discharged debts was prohibited.  A copy of the Discharge Order is attached herein as "Exhibit B" and is incorporated herein by reference.

16.     On or about March 23, 2012, Defendant filed a Motion for Relief from the Automatic Stay which was granted on April 12, 2012 and the stay was lifted.

17.     At no time has Defendant objected to or disputed the details of the subject claim listed in Plaintiff's schedules filed in his Bankruptcy Case.

18.     At no time during the pendency of the Bankruptcy Case did Plaintiff reaffirm the debt at issue.

19.     At no time during the pendency of the Bankruptcy Case was Defendant's pre-petition claim declared to be non-dischargeable.

20.     Despite receiving communications from the Court regarding the Bankruptcy Case and discharge, following the June 16, 2012 discharge, Defendant engaged in debt collection activity against Plaintiff by impermissibly accessing and reviewing his credit reports maintained by Experian and informing Experian that it was pulling Plaintiff's credit reports to "monitor" Plaintiff's Account or to "complete a mortgage application."

21.     Further, despite the change in the legal status of the Account post-discharge, Defendant illegally accessed and reviewed Plaintiff's credit reports with Experian after the discharge was granted in his Bankruptcy Case, even though it had no permissible basis to take such action.

22.     On July 10, 2012, Defendant impermissibly accessed and reviewed Plaintiff's credit report with Experian.

23.     On September 10, 2012, Defendant impermissibly accessed and reviewed Plaintiff's credit report with Experian.

24.     On November 9, 2012 Defendant impermissibly accessed and reviewed Plaintiff's credit report with Experian.

25.     On January 9, 2013, Defendant impermissibly accessed and reviewed Plaintiff's credit report with Experian.

26.     On March 8, 2013, Defendant impermissibly accessed and reviewed Plaintiff's credit report with Experian.

27.     On May 10, 2013, Defendant impermissibly accessed and reviewed Plaintiff's credit report with Experian.

28.     On July 10, 2013, Defendant impermissibly accessed and reviewed Plaintiff's credit report with Experian.

29.     On July 23, 2013, Defendant impermissibly accessed and reviewed Plaintiff's credit report with Experian.

30.     On September 9, 2013, Defendant impermissibly accessed and reviewed Plaintiff's credit report with Experian.

31.     On November 8, 2013, Defendant impermissibly accessed and reviewed Plaintiff's credit report with Experian.

32.     On January 9, 2014, Defendant impermissibly accessed and reviewed Plaintiff's credit report with Experian.

33.     On March 7, 2014, Defendant impermissibly accessed and reviewed Plaintiff's credit report with Experian.

34.     On May 9, 2014, Defendant impermissibly accessed and reviewed Plaintiff's credit report with Experian.

35.     A true and correct copy of relevant portions of Plaintiff's Experian credit report showing the impermissible account reviews and inaccurate reporting are attached hereto as Exhibit "B."

36.     The purpose for accessing Plaintiff's credit reports was allegedly "to complete a mortgage application" or "to monitor Plaintiff's account;" yet, the debt on the Account had been discharged and there was no legitimate reason for Defendant to review Plaintiff's credit reports at all relevant times.  If the reports were monitored for collection purposes, Defendant was trying to collect a debt in violation of the discharge injunction.  If it denies that this was the purpose, then Defendant was trying to gain access to Plaintiff's personal financial information which is protected by law.

37.     This illegal access to Plaintiff's credit reports by Defendant has occurred as recently as May 8, 2014, long after the discharge of the debt at issue.

38.     The conduct of Defendant has proximately caused Plaintiff past and future mental distress and emotional anguish and other damages that will be presented to the jury.

39.     Defendant knew and continues to know that a discharge order means the debt is no longer collectible, but Defendant has made a corporate decision to willfully and maliciously act contrary to its knowledge in its calculated decision to violate Plaintiff's right to privacy by impermissibly accessing Plaintiff's credit reports after the discharge was granted in his Bankruptcy Case.

40.     After a reasonable time for discovery, Plaintiff believes he will be able to show that despite receiving dozens, if not hundreds, of disputes complaining that Defendant was illegally accessing credit reports for account holders whose debts with Defendant had been discharged in bankruptcy, Defendant intentionally and knowingly has not corrected its policy of doing so.

41.     After a reasonable time for discovery, Plaintiff believes he will be able to show that all actions taken by employees, agents, servants, or representatives of any type for Defendant were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

42.     After a reasonable time for discovery, Plaintiff believes he will be able to show that all actions taken by Defendant at issue were performed with maliciously, wantonly, recklessly, intentionally or willfully, and with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the law.

43.     After a reasonable time for discovery, Plaintiff believes he will be able to show that Defendant has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and Defendant is subject to punitive damages, statutory damages, and all other appropriate measures to punish and deter similar future conduct by Defendant and similar companies.

## V.   GROUNDS FOR RELIEF - COUNT I

## FAIR CREDIT REPORTING ACT (FCRA 15 U.S.C. §1681 *et. seq*)

44.     Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

45.     The FCRA establishes very specific rules limiting when and why an entity can obtain a consumer report:

        (f)   Certain use or obtaining of information prohibited. – A person shall not use or obtain a consumer report for any purpose unless –

(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

(2)  the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

*See* 15 U.S.C. § 1681b (f).

46.    Section 1681b(a)(3) lists the all-inclusive purposes for which a consumer report can be obtained:

(a) In General. – * * * [A] consumer reporting agency may furnish a consumer report under the following circumstances and no other:

***

(3)   To a person which it has reason to believe –

(A)   intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer;

***

(F)   otherwise has a legitimate business need for the information *   *   *

(ii)   to review an account to determine whether the consumer continues to meet the terms of the account.

*See* 15 U.S.C. § 1681b (a)(3).

47.     On at least thirteen (13) occasions after the Discharge Order was signed and entered in Plaintiff's Bankruptcy Case, Defendant requested and obtained Plaintiff's consumer report from Experian.

48.     On such occasion, Defendant represented to Experian that such requests were made to "monitor" Plaintiff's account or "complete a mortgage application," neither of which was legitimate.

49.     When requesting and obtaining Plaintiff's credit information from Experian, as described herein, Defendant had actual knowledge that it did not have a permissible purpose to obtain such information.

50.     Defendant has and had actual knowledge at all relevant times that as of Plaintiff's bankruptcy filing in February 29, 2012 and its subsequent discharge, the subject Account was closed and Defendant was legally prohibited from pursuing any collection against it or communicating with Plaintiff about the Account and the subject discharged debt to justify monitoring of his credit information.   As such, Defendant had actual knowledge that it did not have a permissible purpose to access Plaintiff's credit reports with the credit bureaus when it made such requests for access post-discharge of Plaintiff's Bankruptcy Case.

51.     At the time Defendant impermissibly accessed Plaintiff's credit reports, Defendant had actual knowledge that Plaintiff had not requested new credit from it, nor had he initiated a credit transaction with Defendant at any time since his bankruptcy filing or discharge. As such, Defendant had actual knowledge that it did not have a permissible purpose to access Plaintiff's credit information as it did.

52.     Defendant had actual knowledge that as of June 6, 2012, Plaintiff did not authorize access and reviews of his consumer report by Defendant subsequent to his bankruptcy discharge. Accordingly, Defendant had actual knowledge that it did not have a permissible purpose to access Plaintiff's credit information when it engaged in such action.

53.     For Defendant to repeatedly request and obtain Plaintiff's private personal and financial information, in the face of actual knowledge that it had no permissible purpose to do so, constitutes its knowing and willful violations of the FCRA.

54.     After a reasonable time to conduct discovery, Plaintiff believes he can prove that Defendant requested and obtained Plaintiff's private personal and financial information from the credit bureaus for the illegal purpose of attempting to collect on the subject discharged debt.

55.     After a reasonable time to conduct discovery, Plaintiff believes he can prove Defendant used false pretenses, namely the representation that it intended to use Plaintiff's consumer report "to complete a mortgage application" or "monitor" Plaintiff's account in order to obtain Plaintiff's private personal and financial information for the illegal purpose of attempting to collect on the subject discharged debt.

56.     After a reasonable time to conduct discovery, Plaintiff believes he can prove, additionally and/or in the alternative, Defendant is unwilling or unable to prevent its system from requesting and obtaining Plaintiff's consumer report without a permissible purpose, thereby subjecting Plaintiff to having his private, personal and financial information disclosed without his consent, authorization or other legal justification.

57.    As a direct and proximate result of Defendant's conduct, as outlined above, Plaintiff has suffered, and will continue to suffer, substantial injury, including, but not limited to, mental anguish and emotional distress from the ongoing invasion of his privacy, entitling Plaintiff to an award of actual damages in an amount to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

58.    Defendant's actions at issue have caused Plaintiff to suffer embarrassment, mental anguish, inconvenience, and other pecuniary and non-pecuniary damages.

59.    Defendant's conduct reveals a conscious and reckless disregard of Plaintiff's rights.   The injuries suffered by Plaintiff were attended by circumstances of fraud, malice, and willful and wanton misconduct entitling Plaintiff to punitive damages pursuant 15 U.S.C. § 1681n(a)(2).

60.    Since Defendant's illegal access to Plaintiff's credit report and attempts to collect the discharged debt may continue after the filing of this suit, Defendant is liable for any and all future illegal access to Plaintiff's credit report and attempts to collect the subject debt through phone calls, written correspondence, credit reporting and/or any other manner and method Defendant may engage in to further its collection attempts until the date of trial.

## VI. GROUNDS FOR RELIEF - COUNT II

## TEXAS FINANCE CODE - UNFAIR DEBT COLLECTION

61.    Plaintiff repeats, re-alleges, and incorporates by reference all paragraph as above as if fully rewritten here.

62.     Defendant has violated the Texas Finance Code in numerous ways including, but not limited to, the following:

   a)  Tex. Fin. Code § 392.301(a)(8), which prohibits Defendant from taking an action prohibited by law, since the FCRA prohibits the pulling of a credit report without a valid purpose;

   b)   Tex. Fin. Code § 392.304(a)(8), which prohibits Defendant from misrepresenting the character, extent, or amount of Plaintiff's debt, or misrepresenting the status of Plaintiff's debt in a judicial or governmental proceeding, since Defendant alleged the justification for pulling Plaintiff's credit reports was "to monitor" Plaintiff's account or "to complete a mortgage application," that was a misrepresentation of the status of debt at issue; and

   c)  Tex. Fin. Code § 392.304(a)(19), which prohibits Defendant's use of false representations or deceptive means to collect a debt, since the debt at issue had been discharged in Plaintiff's Bankruptcy Case and there were no other transactions between the parties, the only conclusion that can be drawn is Defendant was trying to gather information for an attempt to collect the debt at issue in violation of the discharge injunction.

63.     Under Tex. Fin. Code Ann. § 392.403, the said violations render Defendant liable to Plaintiff for actual damages, statutory damages, for injunctive relief, costs, and reasonable attorney's fees.  Plaintiff's injuries resulted from Defendant's gross negligence, malice, and/or actual fraud, which entitle Plaintiff to punitive damages.

64.     Due to Defendant's conduct, Plaintiff was forced to hire counsel and his damages include reasonable attorney's fees incurred in prosecuting this claim.

## VIII. GROUNDS FOR RELIEF - COUNT IV

## INVASION OF PRIVACY

65.     Plaintiff restates and reiterates herein all previous paragraphs.

66.     Defendant's conduct, as described herein, when it acquired a copy of Plaintiff's consumer report constituted an invasion of Plaintiff's private affairs.  The invasion was one that would be highly offensive to a reasonable person because confidential and sensitive personal and financial information is included a consumer report.  Such wrongful acts caused injury to Plaintiff which resulted in extreme emotional anguish, loss of time, and damage to his credit.

67.     Plaintiff's injuries resulted from Defendant's malice which entitles Plaintiff to exemplary damages under Texas Civil Practice and Remedies Code §41.003(a).

## IX. GROUNDS FOR RELIEF - COUNT IV

## VIOLATION OF THE BANKRUPTCY DISCHARGE INJUNCTION

68.     Plaintiff repeats, re-alleges, and incorporates herein all previous paragraphs above as if set forth herein in their entirety.

69.     At all times material to this proceeding, Defendant had actual knowledge of Plaintiff's Bankruptcy Case and the discharge of the debt at issue.

70.     Defendant failed to cease its debt collection activity on the account and debt at issue when it became aware that Plaintiff filed for bankruptcy protection and the debt had been

14

discharged in his Bankruptcy Case, as evidenced by Defendant repeatedly accessing his credit reports from Experian without a lawful purpose.

71.     Defendant's aforesaid actions were willful acts and constitute efforts to collect discharged debt from Plaintiff in violation the discharge injunction of 11 U.S.C. §524(a). Defendant's failure to comply with the aforesaid laws, in light of repeated notices from the bankruptcy court about Plaintiff's bankruptcy case, the discharge of Plaintiff's debt at issue and the legal effect of the discharge illustrates its contempt for Federal law and the discharge injunction.

72.     The actions of Defendant in repeatedly accessing Plaintiff's credit reports from Experian without a lawful purpose constitute a gross violation of the discharge injunction as set forth in 11 U.S.C. § 362 and 524(a)(1)-(3).

73.     The facts and background stated above demonstrate that Defendant willfully violated the orders and injunctions of the Bankruptcy Court as they concern the chapter 7 bankruptcy filed by Plaintiff.   With this prima facie showing, the duty is on Defendant to show, as the only defense, a present inability to comply with the orders and injunctions of the Bankruptcy Court that goes beyond a mere assertion of inability.   Failing a showing of a present inability to comply with the orders and injunctions of the Bankruptcy Court by Defendant, Plaintiff must prevail on his claims, and Defendant must be held liable for willfully violating the orders and injunctions of the Bankruptcy Court with regard to the bankruptcy filed by Plaintiff.   Any defense put forth by Defendant in this proceeding can only constitute a good faith exception, as no other reasonable explanation can be made

for the conduct and actions of Defendant.  Any allegation of a good faith exception should not be allowed.

74.     Specifically, Defendant violated the part of the Bankruptcy Court's Discharge Order pertaining to 11 U.S.C. §524(a)(2) which "operates as an injunction against the commencement, or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtors, whether or not the discharge of such debt is waived;…'"

75.     No exceptions exist under 11 U.S.C. §524 or the other provisions of the United States Bankruptcy Code or other applicable law that permit the conduct of Defendant at issue with regard to the discharge injunction, as stated above.

76.     The orders and injunctions of the Bankruptcy Court cannot be waived, except by the virtue of a properly filed and approved reaffirmation agreement, motion, stipulation or complaint.  None of the aforementioned has been approved by the Court here, and no waiver of the orders or injunctions of the Court has occurred in Plaintiff's Bankruptcy Case as pertaining to the rights and remedies of Defendant.

77.     Also, there is no requirement of mitigation on the part of Plaintiff that is relevant to violations of the orders and injunctions of the Bankruptcy Court.  Any attempt to burden Plaintiff with policing the misconduct of Defendant would be a complete derogation of the law.  It is well settled that each party to an injunction or order of the Court is responsible for ensuring its own compliance with the injunction or order and for shouldering the cost of compliance.  Any such defense would constitute a collateral attack on the injunctions and orders of the Bankruptcy Court in this proceeding, which is

16

prohibited. Any defense put forth by Defendant in this case can only constitute a claim of mitigation, as no other reasonable explanation can be made for the conduct and action of Defendant.   No allegation of a mitigation as a defense should be allowed.

78.    Plaintiff has been injured and damaged by Defendant's actions and are entitled to recover judgment against Defendant for actual damages and punitive damages, plus an award of costs and reasonable attorney's fees, for violations of 11 U.S.C. §524, and pursuant to the Court's powers under 11 U.S.C. § 105.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Gregory Wallace Baker, prays that the Court will:

A.     Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, and reasonable and necessary attorney fees as provided by the TDCA, the FCRA, for the multiple invasions of privacy, and for violations of the discharge injunction;

B.     Find that appropriate circumstances exist for an award of punitive damages to Plaintiff;

C.     Award Plaintiff pre-judgment and post-judgment interest as allowed by law; and

D.     Grant such other and further relief, in law or equity, to which Plaintiff might show himself justly entitled.

Respectfully submitted,

_____/s/ James J. Manchee_____
James J. Manchee
Jim@mancheelawfirm.com
State Bar Number 00796988
Marilyn S. Altamira
State Bar Number 00796119
Maltamira@mancheelawfirm.net
Manchee & Manchee, PC
12221 Merit Drive, Suite 950
Dallas, Texas 75251
(972) 960-2240 (telephone)
(972) 233-0713 (fax)
ATTORNEYS FOR PLAINTIFF

## **JURY DEMAND**

Plaintiffs hereby demands a trial to a jury on all issues so triable.

_7-3-14_____                    _/s/ *James J. Manchee*_____
Date                             James J. Manchee